UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CESAR CRUZ,<br><br>    Defendant. | Case No. CR20-158RSL<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on defendant's "Second Motion for Review of Detention Order." Dkt. # 34. Defendant moves the Court for an order releasing him from custody until sentencing, which had been scheduled for July 22, 2021, but has been rescheduled for September 16, 2021. Dkt. # 38.

Defendant's detention is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). Defendant is subject to § 3143(a)(2) because his maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act.[1] See 18 U.S.C. § 3143(a)(2) (applicable to defendants found guilty of cases described in subparagraphs (A), (B), or (C) of 18 U.S.C. § 3142(f)(1)). Per § 3143(a)(2), such a defendant must be detained pending sentencing unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (A)(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

---

[1] Defendant pled guilty to two drug trafficking offenses that carry a maximum sentence of 40 years of imprisonment. Dkt. # 32 at 2.

ORDER DENYING DEFENDANT'S SECOND MOTION
FOR REVIEW OF DETENTION ORDER - 1

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Because neither subsection (A)(i) nor (A)(ii) applies, § 3143(a)(2) does not provide authority for defendant's release.

As for § 3145(c), this subsection provides that a person subject to detention pursuant to § 3143(a)(2), who meets the conditions of release set forth in section § 3143(a)(1) "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." See United States v. Garcia, 340 F.3d 1013, 1019–21 (9th Cir. 2003) (listing examples of "exceptional reasons"). And a defendant cannot meet the conditions of release set forth in § 3143(a)(1) absent the Court finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). The Court agrees with the government that defendant has not established by clear and convincing evidence that he is neither a flight risk nor a danger to the community, nor has he established that exceptional reasons exist as to why detention would be inappropriate. See Dkt. # 35 at 3–4.

The fact that at least some of defendant's family members facilitated defendant's involvement in criminal activities or otherwise "turned a blind eye" to them, Dkt. # 13 at 1, cuts against defendant's request, as does defendant's decision to continue distributing drugs after two previous contacts with law enforcement. Dkt. # 13 at 2. Additionally, defendant's desire to "spend time with his family and prepare them for his absence," Dkt. # 34 at 3, is not an exceptional reason warranting release. Many, if not most, defendants would like to be released for such a purpose.[2]

---

[2] To the extent that defendant sought to argue that temporary release should be granted pursuant to 18 U.S.C. § 3142(i), the Court concludes that release is not appropriate for the same reasons that defendant's motion fails under § 3145(c). A temporary release under § 3142(i) must be justified by a "compelling reason," and this relief should only be granted "sparingly." United States v. McKnight, CR18-16 TSZ, 2020 WL 1872412, at *2 (W.D. Wash. Apr. 15, 2020). Although the Court does not

For the foregoing reasons, the Court DENIES defendant's second motion for review of his detention order (Dkt. # 34).

IT IS SO ORDERED.

DATED this 7th day of July, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

---

intend to minimize the hardship that defendant and his family face, defendant's family circumstances are not so unusual as to be considered "compelling."

ORDER DENYING DEFENDANT'S SECOND MOTION
FOR REVIEW OF DETENTION ORDER - 3